UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY MURPHY | CIVIL ACTION |
| VERSUS | NO. 18-9805 |
| LELAND J. FALCON ET AL. | SECTION "E" (2) |

**ORDER AND REASONS ON MOTION**

    This is a wrongful death action asserting both federal civil rights and state law claims in which plaintiff alleges that her son, Edward Murphy ("Murphy"), suffered a heart attack while incarcerated for twelve (12) hours in the Assumption Parish Detention Center ("Detention Center") and died shortly afterwards. Plaintiff claims that the decedent was stopped by a Louisiana State Police officer in Napoleonville, Louisiana, for a sticker inspection and suspicion of driving while intoxicated; that he was arrested and booked in the Detention Center on February 3, 2018, around 6:30 p.m; and that on the way to the Detention Center, Murphy told the officer he had a heart condition and needed to take his medication three (3) times a day. Record Doc. No. 1, Complaint at pp. 3-4. Plaintiff alleges that the officer stopped at Murphy's home and retrieved his medication before going to the Detention Center, but that employees at the Detention Center failed to provide Murphy with his medication, which caused him to go into cardiac arrest at approximately 6:25 a.m. and die at approximately 8:11 a.m. Id. at p. 4.

    Plaintiff's Motion to Compel Discovery Responses, Record Doc. No. 12, is now pending before me. On January 24, 2019, plaintiff served interrogatories, requests for

admissions and requests for production of documents on defendants Leland J. Falcon and Roland Rodrigue. Record Doc. No. 12-1 at p. 2. Falcon provided responses on February 21, 2019, but no responses on behalf of defendant Rodrigue have been provided. Record Doc. No. 12-1 at p. 2. Fed R. Civ. P. 33(b)(2), 34(b)(2)(A) and 36(a)(3) provide that a responding party must serve its answers, responses and any objections to interrogatories, requests for admissions and requests for production within 30 days of being served. After the deadline lapsed, counsel conferred and agreed that supplemental responses to plaintiff's interrogatories, requests for admission and requests for production would be provided by March 29, 2019. Record Doc. No. 12-7. Plaintiff states that as of April 11, 2019, the filing date of the instant motion, defendants have failed to provide supplemental responses to her Interrogatories Nos. 2, 12, 15, 16, 17, 20 and 21 and Requests for Production Nos. 8, 9, 11, 12 and 13 to defendant Falcon, or any responses whatsoever to her discovery requests to defendant Rodrigue. Although defendant's response memorandum, Record Doc. No. 13, states that adequate responses would be produced by today's submission date, plaintiff's counsel has advised my staff that while defense counsel sent her an email with some responses, those responses remain insufficient and do not render this motion moot.

    As an initial matter, plaintiff's motion is granted as to all interrogatories, requests for admissions and requests for production of documents issued to defendant Rodrigue,

who has failed to provide any written responses of any kind. Rodrigue must respond to plaintiff's interrogatories and requests for production fully and in writing, and make all responsive documents available to plaintiff's counsel, no later than **May 15, 2019**. All objections to the interrogatories and requests for production – except as to attorney-client privilege and work product – are deemed waived. See Fed. R. Civ. P. 33(b)(4) (interrogatory objections waived by failure to make timely objections); Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Express Lien, Inc. vNational Ass'n of Credit Mgmt., Inc., 2014 WL 12767814, at *3 (E.D. La. Mar. 20, 2014)(Knowles, M.J.)(waiver of objections to production of electronically stored information in a specifically requested format); Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006); Banks v. Office of Senate Sgt.-at-Arms, 222 F.R.D. 7, 21 (D.D.C. 2004). The requests for admissions to Rodrigue are deemed admitted. Fed. R.

Civ. P. 36(a)(3). All matters contained in the requests for admissions to Rodrigue are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

As to the interrogatories and requests for production submitted to defendant Falcon, who served written responses including some valid objections, plaintiff's motion is denied as to Interrogatory No. 2. The objections are sustained. This overly broad interrogatory seeking the names and contact information for "any and all employees of the Assumption Parish Sheriff's Office and Assumption Parish Detention Center as of" the date of decedent's incarceration, apparently including those with no knowledge of the incident and/or no duties relating to inmate care, seeks much that is neither relevant nor proportional to the claims or defenses in this case. Under these circumstances, the information provided subject to the objections is sufficient.

Plaintiff's motion is denied as to Interrogatory No. 12. Defendant's objections are sustained. This discovery request is wholly irrelevant to any party's claims or defenses in this case. The decertification occurred almost five (5) years <u>before</u> decedent's 12-hour incarceration in 2018. Plaintiff's own allegations state that the Detention Center had been recertified at the time of the subject incident. Record Doc. No. 1 at p. 7 (Complaint at ¶ 23).

Plaintiff's motion is granted in part and denied in part as to Interrogatories Nos. 15 and 16 and Requests for Production Nos. 8, 9 and 12. The objections are sustained in part as to these overly broad requests as written because they are not limited to the relevant time period. In addition, the references to "meal time procedures" in Request for Production No. 12 are entirely irrelevant. Thus, the motion is granted only in part in that defendant must provide the requested information and responsive materials insofar as they relate to policies and procedures in effect and employees authorized to distribute medication and phone calls made by decedent on the date of the incident that is the subject of this case.

Plaintiff's motion is granted as written to Interrogatory No. 17. The reference in the current answer to "attached" documents fails to comply with the specificity requirements of Fed. R. Civ. P. 33(d)(1). Defendant must provide a clear "yes," "no" or "I don't know" answer to this question.

Plaintiff's motion is granted as to Interrogatory No. 20. All objections are overruled. Fed. R. Civ. P. 33(a)(2) provides that ". . . [a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." This is a contention interrogatory of precisely the sort contemplated by Rule 33(a)(2) and seeks discoverable information concerning

5

defendant's defenses as to liability in this matter. Defendant is fully capable of acknowledging whether he makes the contention that is the subject of this interrogatory.

Plaintiff's motion is granted as to Interrogatory No. 21. By their nature, the Rule 26(a)(1)(A)(i) initial disclosures referenced in this answer identify only "individual[s] likely to have discoverable information," <u>not</u> necessarily trial witnesses. Defendant must provide a full and complete answer providing the requested information.

Plaintiff's motion is granted in part and denied in part as to Request for Production No. 13. This overly broad request seeks much that is neither relevant nor proportional to the claims and defenses in this case insofar as it seeks policies and procedures having nothing to do with the inmate medical care, medical condition monitoring or medication distribution claims asserted in this case. The motion is granted only in part in that defendant must produce all responsive materials concerning distribution and administering medication, medical care and monitoring of medical conditions for inmates in the Detention Center at the time of decedent's death.

The motion is denied as to Request for Production No. 11. The objections are sustained. No claim or defense concerning "retention policies" and/or record retention or destruction has been asserted.

In addition, I note that the copy of Falcon's interrogatory answers provided to me in connection with this motion does not include the verification of interrogatory answers,

sworn under oath, required by Fed. R. Civ. P. 33(b)(1)(A), (3) and (5). The required verification must be provided.

IT IS ORDERED that, no later than **May 15, 2019**, defendant Falcon must produce to plaintiff the interrogatory answers and written responses to requests for production, as ordered herein, together with actual production of all responsive documents and the verification of all interrogatory answers.

New Orleans, Louisiana, this ____1st____ day of May, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE