UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY MURPHY | CIVIL ACTION |
| VERSUS | NO. 18-9805 |
| LELAND J. FALCON, ET AL. | SECTION "E" (2) |

## ORDER AND REASONS ON MOTION

This is a wrongful death action asserting both federal civil rights and state law claims. Plaintiff alleges that her son, Edward Murphy ("Murphy"), suffered a heart attack while incarcerated for twelve (12) hours in the Assumption Parish Detention Center ("Detention Center") and died shortly afterwards. Plaintiff claims that the decedent was stopped by a Louisiana state police officer in Napoleonville, Louisiana, for a sticker inspection and suspicion of driving while intoxicated; that he was arrested and booked in the Detention Center on February 3, 2018, around 6:30 p.m; and that on the way to the Detention Center, Murphy told the officer he had a heart condition and needed to take his medication three (3) times a day. Record Doc. No. 1, Complaint at pp. 3-4. Plaintiff alleges that the officer stopped at Murphy's home and retrieved his medication before going to the Detention Center, but that employees at the Detention Center failed to provide Murphy with his medication, which caused him to go into cardiac arrest at about 6:25 a.m. and die at 8:11 a.m. Id. at p. 4.

Defendants' Motion for Partial Reconsideration Pursuant to Fed. R. Civ. P. 59(e) and to Withdraw Admissions of Fact Pursuant to Fed. R. Civ. P. 36(b), Record Doc. No.

20, is now pending before me. Plaintiff filed a timely opposition memorandum, Record Doc. No. 23. The motion is GRANTED IN PART AND DENIED IN PART as follows.

Defendants' motion is denied insofar as it seeks reconsideration of my previous order, in which I found that defendant had waived all objections to interrogatories and requests for production of documents by failing to respond to discovery requests issued to defendant Rodrigue. Record Doc. No. 16. A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2014) (citation omitted); accord Naquin v. Elevating Boats, L.L.C., 817 F.3d 235, 240 n.4 (5th Cir. 2016); LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." Naquin, 817 F.3d at 240 n.4 (quotation and citations omitted) (emphasis added).

In their opposition memorandum to plaintiff's motion to compel, Record Doc. No. 13, defendants failed to make any argument that their responses applied to both defendants. Though plaintiff attached an email exchange between counsel for both sides that mentioned that the responses would apply to both defendants, Record Doc. No. 12-7 at p. 2, plaintiff's motion still sought responses from defendant Rodrigue and defendant

2

Falcon's discovery responses on their face in no way indicated that they applied to both defendants. Record Doc. No. 12-4 at pp. 1-20. Accordingly, defendant's motion is denied and all objections–except attorney-client privilege and work product– remain waived.

Defendants' motion is granted, however, insofar as it seeks withdrawal of deemed admissions. The court may permit withdrawal or amendment of matters deemed admitted by operation of law "if it would promote the presentation of the merits of the action <u>and</u> if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b) (emphasis added). Relying heavily upon <u>Carney v. Internal Rev. Serv.</u>, 258 F.3d 415 (5th Cir. 2001), the Fifth Circuit has summarized the law concerning withdrawal of deemed admissions:

> Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). <u>American Auto. Ass'n v. AAA Legal Clinic</u>, 930 F.2d 1117, 1119 (5th Cir. 1991); <u>Carney v. IRS</u>, 258 F.3d 415, 419 (5th Cir. 2001). Under Rule 36(b), "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby <u>and</u> the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b).[1] And, even when Rule 36(b)'s two-factor test has

---

[1] I note that the language of Rule 36(b) was changed by the 2007 amendments to the Federal Rules of Civil Procedure, so that it now reads: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). As with all the 2007 amendments, the official Advisory Notes to the Rule 36 amendments provide: "The language of Rule 36 has been amended as part of the general restyling of the Civil Rules to make

3

been satisfied, the district court "still has discretion to deny a request to withdraw or amend an admission." Carney, 258 F.3d at 419. . . .

[O]ther factors considered are whether the [moving party] has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." N. La. Rehab. Ctr. Inc. v. United States, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (quoting Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991)); accord Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658-59 (E.D.N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law"). This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, Pickens v. Equitable Life Assurance Soc., 413 F.2d 1390, 1394 (5th Cir. 1969) or its diligence in seeking withdrawal, Covarrubias v. Five Unknown INS/Border Patrol Agents, 192 F. App'x 247, 248[, 2006 WL 1816311, at *1] (5th Cir. 2006) (per curiam) (unpublished).

Turning to Rule 36(b)'s second requirement, . . . "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto., 930 F.2d at 1117. The Eighth Circuit has interpreted this standard to not encompass the increased expenses caused by the need for additional discovery to replace withdrawn admissions, Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir. 1983), and other courts contemplating the standard have concluded that merely having to prove the matters admitted does not constitute prejudice. No. La. Rehab. Ctr., 179 F. Supp. 2d at 663. Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. See, e.g., Branch Banking

---

them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Federal Civil Judicial Procedure and Rules at 208 (Thomson West pamph. rev. ed. 2010).

&amp; Trust Co., 120 F.R.D. at 660 (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); No. La. Rehab. Ctr., 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, at *1-3 (5th Cir. Mar. 6, 2007) (emphasis added).

The instant case illustrates the kinds of difficulties that result from sloppy lawyering arising from failure to comply with the precise requirements of the Federal Rules. Nevertheless, balancing the foregoing factors militates in favor of permitting withdrawal of the deemed admissions. In support of this motion, defendants have persuasively argued and I find that the merits would best be served by permitting withdrawal of the deemed admissions. Defendants assert that the parties had reached an agreement that the responses to the requests for admissions to defendant Falcon were also meant to apply to defendant Rodrigue. This assertion is supported by an email from plaintiff's counsel to defendants' counsel confirming their understanding that the responses on behalf of one defendant only were intended to apply to both defendants. Record Doc. Nos. 20-1 at pp. 3-4 and 12-7 at p. 2. Ample time remains before trial, so that plaintiff will not be unduly prejudiced in her ability to obtain evidence or bear her burden of proof without reliance on the deemed admissions. I discern no bad faith or

dilatory motive on the part of defendants in connection with the formerly deemed admissions. On the contrary, the prompt filing of this motion and the service (albeit late) of responses to the requests for admissions and supplemental responses to plaintiff's other discovery requests, Record Doc. No. 20-4, establish some level of due diligence on the part of defendants in correcting this situation.

Accordingly, the deemed admissions are withdrawn. However, **IT IS ORDERED** that, no later than **June 12, 2019**, counsel for defendants must confirm in writing and file in the record an affidavit attesting that the admissions served on plaintiff on behalf of defendant Falcon also apply to defendant Rodrigue. Thereafter, defendants' responses and/or denials served on plaintiff will constitute <u>both</u> defendants' responses to plaintiff's requests for admissions in this case. Defense counsel is hereby instructed to pay close attention to the precise requirements of the applicable Federal Rules and the Rule 16 deadlines established by the court. <u>See</u> Record Doc. No. 8 at p. 1 ("deadlines . . . are not 'suggestions' but <u>firm</u> deadlines which will be strictly enforced"). Excuses like the one previously offered for this kind of imprecision, <u>see</u> Record Doc. No. 13 at p. 3 ("managing an extraordinary federal trial and appellate docket of late") are not acceptable.

New Orleans, Louisiana, this \_\_\_\_29th\_\_\_\_ day of May, 2019.

                                           JOSEPH C. WILKINSON, JR.
                                   UNITED STATES MAGISTRATE JUDGE

CLERK TO NOTIFY:
HON SUSIE MORGAN